IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRELL D. HALL,

      Plaintiff,                               No. 2:13-cv-0324 AC P

    vs.

SAN JOAQUIN COUNTY JAIL, et al.,

      Defendants.                          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner who proceeds pro se in this action for damages filed pursuant to 42 U.S.C. § 1983.  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is assessed an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to plaintiff's trust account; or (b) the average monthly balance in plaintiff's account for the 6-month period immediately preceding the filing of this action. 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

1

agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

*The Complaint*

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and

Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### Summary of the Complaint

Plaintiff alleges that from May 21, 2012 through November 26, 2012, while he was apparently housed at the San Joaquin County Jail, prison officials: (1) spat in his food and gave him half portions; (2) confined plaintiff to a "lock-down" cell for the entire time period; and (3) slandered and defamed him by telling other inmates that he was gay and in protective custody, which plaintiff claims was not true. Plaintiff claims that defendants jeopardized his safety, because other black inmates do not like being around gay or protective custody inmates. Plaintiff claims that he lost 19 pounds as a result of defendants' actions, and seeks compensation for defamation; cruel and unusual punishment; and mental anguish.

### Analysis

Plaintiff states a colorable Eighth Amendment claim against defendants for allegedly denying plaintiff adequate food; however, plaintiff's remaining claims are vague and conclusory, and will be dismissed with leave to amend.

*"Lock-Down Cell"*

Plaintiff alleges that he was confined to a "lock-down cell" for the entire period from May 21, 2012 through November 26, 2012, but does not explain in his complaint why he was segregated, nor does he provide the court with any information about how the lockdown

3

affected his conditions of confinement.  For example, the court cannot currently determine if plaintiff challenges being confined to lock-down, or if he challenges the conditions attendant to his segregation.  This is important, because federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.  Muhammad v. Close, 540 U.S. at 750.  Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. Id. at 750-51.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that where success in a prisoner's §1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.  See Muhammad v. Close, 540 U.S. at 751.  Accordingly, in Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied Heck in the circumstances of a §1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served.  See Muhammad v. Close, 540 U.S. at 751.  In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies. Id.

Federal petitions for habeas corpus may be granted only after other avenues of

4

relief have been exhausted. 28 U.S.C. § 2254(b)(1)(A). See Rose v. Lundy, 455 U.S. 509 (1982). Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a); Muhammad v. Close, 540 U.S. at 751.  Heck's requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence. Muhammad v. Close, 540 U.S. at 751.

In this case, plaintiff does not give the court any information about the circumstances surrounding his placement in lock-down, or whether it affected plaintiff's sentence.

In addition, it is well established that prisoners do not have a due process right to confinement in a particular prison facility or to a particular level of confinement. See, e.g., Meachum v. Fano, 427 U.S. 215(1976) (rejecting state prisoner's due process challenge of a transfer to a higher level security prison).

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. Meachum v. Fano, 427 U.S. 215, 223-27 (1976).  However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to Sandin v. Conner, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Id. at 484.

In this case, plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under Sandin, facts related to the conditions or consequences of his disciplinary hearings which show "the type of atypical, significant

deprivation [that] might conceivably create a liberty interest." Id. at 486.  For example, in Sandin, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody.  Id. at 486-87.

        To establish a due process violation, plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life.  Sandin, 515 U.S. at 483-84.  Plaintiff has failed to allege any facts from which the court could find there were atypical and significant hardships imposed upon him as a result of defendants' actions.  Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process.  Id. at 485.  Plaintiff has not; therefore the court finds that plaintiff has failed to allege a liberty interest, and thus, has failed to state a due process claim.  Also, plaintiff has wholly failed to allege that his placement in the cell represented an "atypical and significant hardship. . . .in relation to the ordinary incidents of prison life," so as to support a due process claim.  See Sandin v. Connor, 515 U.S. at 484.

        Moreover, the Eighth Amendment does not require that prisons be comfortable or that prisoners be provided every amenity that one might find desirable.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  However, prisoners are not left without any remedy against an unjustifiable or unduly oppressive lockdown, because severe conditions of confinement are still subject to Eighth Amendment scrutiny.  Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980).

        In this case, however, plaintiff has not provided the court with any particulars regarding the conditions of his lockdown, such as might be reviewable under the Eighth

6

Amendment. See id. (reviewing conditions, including loss of outdoor exercise and privileges, during emergency lockdown). Absent this most basic information, the court cannot find that plaintiff has stated a colorable Eighth Amendment claim in alleging that he was confined to a lockdown cell for six months.

*Defamation*

Plaintiff claims that defendants defamed him by telling other inmates that he was gay and in protective custody. Plaintiff alleges that he suffered damage to his character and name.

Injury to reputation is not a liberty or property interest protected by the due process clause of the Fourteenth Amendment, and therefore injury to reputation alone does not present an actionable claim under section 1983. Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991), citing Paul v. Davis, 424 U.S. 693, 703 (1976). In order to state a claim for defamation under section 1983, a plaintiff must allege loss of a recognizable property interest in conjunction with the allegation of injury to reputation. Id. The Cooper court noted two ways that a plaintiff could meet this so-called "stigma-plus" test:

> One way is to allege that the injury to reputation caused the denial of a federally protected right. Stevens v. Rifkin, 608 F.Supp. 710, 726–27 (N.D.Cal.1984) (where plaintiffs alleged that prosecutor disseminated accusations to the press in an attempt to deprive plaintiff of his Sixth Amendment right to an impartial jury panel, this stated a claim for relief under section 1983). See also Wisconsin v. Constantineau, 400 U.S. 433, 434 n. 2, 437, 91 S.Ct. 507, 508 n. 2, 510, 27 L.Ed.2d 515 (1971) (plaintiff stated cause of action under section 1983 for due process violation where defamatory act of posting an individual's name as having an excessive drinking problem without prior hearing resulted in the deprivation to that individual of the right previously held under state law to purchase or obtain liquor); Marrero v. City of Hialeah, 625 F.2d 499, 517 (5th Cir.1980) (court held plaintiff stated a due process violation under section 1983 where the alleged defamation by the public official caused plaintiff to lose business goodwill, a protected property interest in Florida), cert. denied, Rashkind v. Marrero, 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981).
>
> A second basis for finding an actionable claim under section 1983 is where the plaintiff alleges the injury to reputation was inflicted in connection with a federally protected right. Stevens, 608 F.Supp. at 727 (court held

7

      plaintiffs stated proper claim under section 1983 where defamatory statements were made in connection with alleged unconstitutional arrest and prosecution).  See also Gobel v. Maricopa County, 867 F.2d 1201, 1205 (9th Cir.1989) (plaintiffs properly alleged the kind of "defamation plus" injury necessary to state a section 1983 claim where they alleged that the false statements were made in connection with their illegal arrest); Board of Regents v. Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972) (defamation in the course of termination of public employment by the state sufficient to state cause of action under section 1983).

Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991) on reh'g, 963 F.2d 1220 (9th Cir. 1992).

      In this case, plaintiff has made no allegation that he has suffered any injury other than that to his reputation, and, accordingly, has failed to allege a colorable defamation claim.

*Endangerment*

      Prison officials have a duty to take reasonable steps to protect inmates from violence at the hands of other prisoners.  See, e.g., Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to an inmate's safety.  Id. at 834.

      In this case, plaintiff alleges that defendants told other inmates that he was gay and in protective custody, which plaintiff claims endangered him; however, plaintiff has not alleged that he has actually been injured by other inmates, nor has he alleged that defendants were aware that their actions exposed plaintiff to a substantial risk of serious harm.  See Morgan v. MacDonald, 41 F.3d 1291, 1293-94 (9th Cir. 1994), cert. denied, 515 U.S. 1148 (1995). Plaintiff has accordingly failed to allege a colorable Eighth Amendment endangerment claim.

Conclusion

      Plaintiff's claims against defendants for placement in a lock-down cell, for defamation, and for endangerment will be dismissed with leave to amend.  See 42 U.S.C. § 1997e(c).  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

how each named defendant is involved.  The court notes that plaintiff in his complaint has only alleged generally that defendants acted in violation of the Constitution.  Plaintiff is advised that there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

       In accordance with the above, IT IS HEREBY ORDERED that:

       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to plaintiff's trust account; or (b) the average monthly balance in plaintiff's account for the 6-month period immediately preceding the filing of this action.  28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

       3.  Plaintiff's claims against defendants for segregation in a lock-down cell, for defamation, and for endangerment are dismissed for the reasons cited above, with leave to file an

amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that the action proceed only on plaintiff's claims that he was deprived of food in violation of the Eighth Amendment.

    4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: April 17, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
hall0324.B