IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRELL D. HALL,

    Plaintiff,                        No. 2:13-cv-0324 AC P

    vs.

SAN JOAQUIN COUNTY JAIL, et al.

    Defendants.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking damages in his complaint filed pursuant to 42 U.S.C. § 1983.

        On April 17, 2013, the court screened plaintiff's complaint. See ECF No. 8. Specifically, the court found that plaintiff had stated a colorable Eighth Amendment claim regarding the deprivation of food; however, the court dismissed with leave to amend plaintiff's remaining Eighth Amendment claims for segregation, for defamation, and for endangerment. Id. In dismissing with leave to amend, the court specifically informed plaintiff that

> the court cannot refer to a prior pleading in order to make plaintiff's complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay,

1

1
2
3
    375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4 See ECF No. 8 at 9.

5     On April 23, 2013, plaintiff filed a letter which reads that "[t]his is the amended

6 part of the case title and # above. . . ." ECF No. 11 at 2. The April 23, 2013 letter does not

7 appear to be complete in itself; instead, it appears to respond only to the deficiencies noted by

8 the court in the court's April 17, 2013 screening order. Id.

9     In other words, plaintiff has filed a supplement to his prior complaint. In the

10 supplement, he fails to address sufficiently the issues raised by the court's April 17, 2013

11 screening order. In particular, while plaintiff provides a chronology of his placement in

12 protective custody, and his discussions with Officer Palmer, who is not a named defendant,

13 plaintiff fails to identify any constitutional violation which arose from these interactions.

14 Plaintiff also fails to address the court's prior questions about how, specifically, plaintiff's

15 placement in lockdown or protective custody worked a hardship on plaintiff in violation of the

16 Constitution.

17     Plaintiff's supplement additionally remains vague as to who, precisely, was

18 deliberately indifferent to plaintiff's safety by telling other inmates that plaintiff was gay. See

19 Doc. No. 11 at 3 ("Also I've heard personal them tell other inmates the above.")

20     The supplement/amended complaint will be dismissed with leave to amend.

21 Plaintiff is again informed that the court cannot proceed on a complaint which relies on

22 supplements and additional statements. Instead, the court must proceed on a single complaint

23 which can be served on any defendants and which can be relied upon to provide defendants with

24 proper notice of the claims plaintiff seeks to raise. A "single complaint" means ***one***

25 ***comprehensive document*** which includes all plaintiff's allegations. For these reasons, the court

26 will dismiss the amended complaint, with leave to file a second amended complaint within 30

1  days of the filing date of this order.

2  Plaintiff is specifically referred to the court's prior statements of the law and the
3  requirements for filing an amended pleading, as stated in the court's April 17, 2013 order.

**REQUEST FOR APPOINTMENT OF COUNSEL (ECF No. 13)**

Plaintiff has filed a request for status which includes a request for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel (ECF No. 13) is denied;

2. The Supplement/Amended Complaint (ECF No. 11) is dismissed with leave to amend within 30 days of the filing date of this order. If plaintiff fails to file an amended complaint, the action shall proceed only on plaintiff's claim that he was deprived of food in violation of the Eighth Amendment, as articulated in the original Complaint (ECF No. 1). <u>See</u> ECF No. 8.

DATED: May 21, 2013

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
hall324.B2