UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL HALL, | No. 2:13-cv-324 AC P |
| Plaintiff, | |
| v. | ORDER |
| SAN JOAQUIN COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner who proceeds pro se and in forma pauperis on his complaint filed pursuant to 42 U.S.C. § 1983. On May 22, 2013, the undersigned dismissed plaintiff's first amended complaint with leave to amend, directing plaintiff to file a second amended complaint within 30 days. ECF No. 15. Plaintiff has subsequently filed a second amended complaint (ECF No. 20) and a third amended complaint (ECF No. 21). No defendants have been served in this action. Plaintiff has consented to the undersigned's jurisdiction. ECF No. 4.

Plaintiff has now filed a motion for a temporary restraining order. ECF No. 22. The request reads, in its entirety:

> I received your Order for Dening [sic] the Motion to Appoint Council. On 6/10/13 I sent the 1st amends on the 3rd of this month I don't know why you didn't receive it.?? I sent another one out on the 19th signed by the librarian on B-yard where I'm at. Hoply [sic] you will receive it. I never sent a request for council on the 7th of May. I was on the road coming to this prison?? I sent that request on the 19th of May. I think we have a problem. I need an

>       order for a T.R.O. because these employees of the Department of Correction are illegal [sic] reading, opening and corrupting my mail. Even though I know I'm nowhere near San Joaquin County, I have a complaint against 2 party of that county Deuel Vocational Institution and San Joaquin County Jail both et. Al. I believe word traveled with me, with the claim in my property. I'm hereby requesting a TRO for both claims. On these officers. In Pelican Bay State Prison.

Id. at 2.[1]

For the reasons set forth below, plaintiff's request for a temporary restraining order will be denied.

The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, ... assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

---

[1] The first portion of plaintiff's motion appears to be a supplement to his Third Amended Complaint. See ECF No. 22 at 1.

2

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984).

Plaintiff does not articulate specifically what he would like to enjoin, or against whom he would like the injunction to issue. This is problematic because it leaves this court with no way to determine, among other things, whether it has personal jurisdiction over the target of the injunction. Cf. Fed. R. Civ. P. 65(d)(2) (persons who may be bound by an injunction include the parties, their officers, agents, servants, employees, and attorneys, and persons in active concert). A review of the motion suggests that plaintiff seeks an order directing plaintiff's current prison, and its officials, not to interfere with plaintiff's mail. However, plaintiff's current prison is not a defendant in this action, nor are any officials working at it. Accordingly, this court lacks jurisdiction to issue an order directing officials at Pelican Bay not to interfere with plaintiff's mail. See, e.g., Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1985) (a federal court may not attempt to determine the rights of persons not before the court).

In addition, plaintiff makes no showing of imminent harm or injury. General allegations that employees of the C.D.C.R. are "illegally reading and opening and corrupting my mail," without specific facts about what mail was opened or how it was corrupted, do not adequately support plaintiff's claim for preliminary injunctive relief. See Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("[A] plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for a temporary restraining order (ECF No. 22) is denied.

DATED: July 1, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/hall0324.tro