UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL D. HALL,<br><br>        Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN COUNTY JAIL, et al.,<br><br>        Defendants. | No.  2:13-cv-00324-AC-P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S. § 1983. Pending before the court is defendants' fully briefed motion to dismiss the third amended complaint for failure to exhaust administrative remedies pursuant to non-enumerated Fed. R. Civ. P. 12(b). ECF Nos. 53, 60, 61.

On April 3, 2014, the Ninth Circuit overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), and held that the defense of failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) should in most cases be presented in a motion for summary judgment rather than a motion to dismiss under unenumerated Rule 12(b). Albino v. Baca, No. 10-55702, 2014 WL 1317141 (9th Cir. Apr. 3, 2014) (en banc).  Because defendants have moved for dismissal of the third amended complaint as administratively unexhausted pursuant to Rule 12(b), and have not complied with the requirements of Rule 56, the court will vacate the motion and direct the defendants to file within fourteen (14) days a motion that complies with Albino.

1

Accordingly, IT IS ORDERED that:

1. Defendants' motion to dismiss (ECF No. 53) is vacated; and,

2. Defendants may, within fourteen days, bring a motion for summary judgment pursuant to Fed. R. Civ. P. 56 on the issue of administrative exhaustion. In doing so, defendants must provide plaintiff with the notice required under Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc).

DATED: April 22, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE