1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TERRELL D. HALL,                              No.  2:13-cv-00324 AC P

12                  Plaintiff,

13          v.                                     ORDER

14   SAN JOAQUIN COUNTY JAIL, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action filed

18   pursuant to 42 U.S.C. § 1983.  The defendants in this action are correctional officers Peoples,

19   Adams, Kong, Rondenburg, Kitzberger, Lee, Tremain, Rodriguez, Conrad, Smith, and Burton.

20   This action is proceeding on the third amended complaint filed on June 21, 2013.  ECF No. 21.

21   The parties have consented to the jurisdiction of the Magistrate Judge.  ECF Nos. 4, 39, 42, 45-

22   46, 78.

23   I.     Plaintiff's Allegations

24          This case proceeds against defendants Peoples, Adams, Kong, Rondenburg, Kitzberger,

25   Lee, Tremain, Rodriguez, Conrad, Smith, and Burton on the third amended complaint.

26   Defendants Diaz, Coblen, Lopez, and Nelson have not been served.  Plaintiff asserts that the

27   defendants were deliberately indifferent to his health and safety in violation of the Eighth

28   Amendment when they deprived him of adequate food.  ECF No. 21 at 2.  Specifically, he alleges

1

1  that from May 7, 2012, through November 26, 2012, defendants spit in his food and served him

2  half portions, resulting in plaintiff losing nineteen pounds and suffering mental anguish.  Id.  He

3  seeks compensatory and punitive damages.  Id. at 3.

4  II.　　Defendants' Summary Judgment Motion

5  　　　Defendants move for summary judgment solely on the ground that plaintiff failed to

6  exhaust his administrative remedies within the jail before filing suit, as required by the Prison

7  Litigation Reform Act, 42 U.S.C. § 1997e(a).  ECF No. 63.  Plaintiff opposes the motion on the

8  ground that the grievance forms were not available to him.  ECF No. 73.  The court interprets this

9  to be an argument that plaintiff was prevented from exhausting his administrative remedies by the

10 jail's failure to provide him with the forms necessary to submit a grievance.

11 　　　A.　　Legal Standards for Summary Judgment

12 　　　Summary judgment is appropriate when the moving party "shows that there is no genuine

13 dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

14 Civ. P. 56(a).

15 　　　Under summary judgment practice, the moving party "initially bears the burden of

16 proving the absence of a genuine issue of material fact."  In re Oracle Corp. Securities Litigation,

17 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

18 The moving party may accomplish this by "citing to particular parts of materials in the record,

19 including depositions, documents, electronically stored information, affidavits or declarations,

20 stipulations (including those made for purposes of the motion only), admission, interrogatory

21 answers, or other materials" or by showing that such materials "do not establish the absence or

22 presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to

23 support the fact."  Fed. R. Civ. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden

24 of proof at trial, "the moving party need only prove that there is an absence of evidence to support

25 the nonmoving party's case."  Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see

26 also Fed. R. Civ. P. 56(c)(1)(B).  Indeed, summary judgment should be entered, after adequate

27 time for discovery and upon motion, against a party who fails to make a showing sufficient to

28 establish the existence of an element essential to that party's case, and on which that party will

2

1   bear the burden of proof at trial.  See Celotex, 477 U.S. at 322.  "[A] complete failure of proof

2   concerning an essential element of the nonmoving party's case necessarily renders all other facts

3   immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

4   whatever is before the district court demonstrates that the standard for entry of summary

5   judgment, . . ., is satisfied."  Id. at 323.

6       If the moving party meets its initial responsibility, the burden then shifts to the opposing

7   party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita

8   Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the

9   existence of this factual dispute, the opposing party may not rely upon the allegations or denials

10  of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

11  admissible discovery material, in support of its contention that the dispute exists.  See Fed. R.

12  Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the

13  fact in contention is material, i.e., a fact that might affect the outcome of the suit under the

14  governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,

15  Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

16  genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving

17  party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

18      In the endeavor to establish the existence of a factual dispute, the opposing party need not

19  establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

20  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

21  trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce

22  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

23  Matsushita, 475 U.S. at 587 (citations omitted).

24      "In evaluating the evidence to determine whether there is a genuine issue of fact," the

25  court draws "all reasonable inferences supported by the evidence in favor of the non-moving

26  party."  Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011).  It is

27  the opposing party's obligation to produce a factual predicate from which the inference may be

28  drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),

3

1   aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing

2   party "must do more than simply show that there is some metaphysical doubt as to the material

3   facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the

4   nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation

5   omitted).[1]

6          B.      Legal Standards for Exhaustion

7          Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are

8   subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  Under the PLRA,

9   "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or

10  any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

11  such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); Porter v.

12  Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners

13  seeking redress for prison circumstances or occurrences").  "The PLRA mandates that inmates

14  exhaust all available administrative remedies before filing 'any suit challenging prison

15  conditions,' including, but not limited to, suits under § 1983."  Albino, 747 F.3d at 1171 (quoting

16  Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

17         Failure to exhaust is "an affirmative defense the defendant must plead and prove."  Jones

18  v. Bock, 549 U.S. 199, 204 (2007).  "[T]he defendant's burden is to prove that there was an

19  available administrative remedy, and that the prisoner did not exhaust that available remedy."

20  Albino, 747 F.3d at 1172.  "[T]here can be no 'absence of exhaustion' unless *some* relief remains

21  available."  Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005).  Therefore, the defendant must

22  produce evidence showing that a remedy is available "as a practical matter," that is, it must be

23  "capable of use; at hand."  Albino, 747 F.3d at 1171.

24         In reviewing the evidence, the court will consider, among other things, "information

25  provided to the prisoner concerning the operation of the grievance procedure."  Brown, 422 F.3d

26  _____

27  [1] On May 6, 2014, the defendants served plaintiff with notice of the requirements for opposing a
    motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  ECF. No. 63-4.  See Rand v.
    Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (movant may provide notice) (en banc), cert. denied,

28  527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

at 937.  Such evidence "informs our determination of whether relief was, as a practical matter, 'available.'"  Id.  Thus, misleading – or blatantly incorrect – instructions from prison officials on how to exhaust the appeal, especially when the instructions prevent exhaustion, can also excuse the prisoner's exhaustion:

> We have considered in several PLRA cases whether an administrative remedy was "available."  In Nunez v. Duncan, 591 F.3d 1217 (9th Cir. 2010), we held that where a prison warden incorrectly implied that an inmate needed access to a nearly unobtainable prison policy in order to bring a timely administrative appeal, "the Warden's mistake rendered Nunez's administrative remedies effectively unavailable."  In Sapp v. Kimbrell, 623 F.3d 813 (9th Cir. 2010), we held that where prison officials declined to reach the merits of a particular grievance "for reasons inconsistent with or unsupported by applicable regulations," administrative remedies were "effectively unavailable."  In Marella v. Terhune, 568 F.3d 1024 (9th Cir. 2009) (per curiam), we reversed a district court's dismissal of a PLRA case for failure to exhaust because the inmate did not have access to the necessary grievance forms within the prison's time limits for filing a grievance.  We also noted that Marella was not required to exhaust a remedy that he had been reliably informed was not available to him.

Albino, 747 at 1173 (page citations omitted).  When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice."  Id. at 1120.

    C.    Arguments of the Parties

        1. Defendants

Defendants have submitted evidence that they argue shows that plaintiff was aware of and knew how to utilize the grievance process, but did not attempt to exhaust his administrative remedies.  ECF No. 63-1.

        2. Plaintiff

Plaintiff has submitted a memorandum in opposition to defendants' summary judgment motion.  ECF No. 73.  Although plaintiff spends the majority of the response reiterating the allegations in his complaint, he appears to argue that administrative remedies were not available to him.  Id.  At the outset, the court notes that plaintiff has failed to comply with Federal Rule of Civil Procedure 56(c)(1)(A), which requires that "a party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . .."

1    Plaintiff has also failed to file a separate document disputing defendants' statement of undisputed

2    facts, as required by Local Rule 260(b).

3           It is well-established that the pleadings of pro se litigants are held to "less stringent

4    standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972)

5    (per curiam).  Nevertheless, "[p]ro se litigants must follow the same rules of procedure that

6    govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other

7    grounds, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).  However, the

8    unrepresented prisoners' choice to proceed without counsel "is less than voluntary" and they are

9    subject to the "handicaps . . . detention necessarily imposes upon a litigant," such as "limited

10   access to legal materials" as well as "sources of proof."  Jacobsen v. Filler, 790 F.2d 1362,

11   1364-65 & n.4 (9th Cir. 1986).  Inmate litigants, therefore, should not be held to a standard of

12   "strict literalness" with respect to the requirements of the summary judgment rule.  Id.

13          The court is mindful of the Ninth Circuit's more overarching caution in this context, as

14   noted above, that district courts are to "construe liberally motion papers and pleadings filed by

15   pro se inmates and . . . avoid applying summary judgment rules strictly."  Thomas v. Ponder, 611

16   F.3d 1144, 1150 (9th Cir. 2010).  Accordingly, the court considers the record before it in its

17   entirety despite plaintiff's failure to be in strict compliance with the applicable rules.  However,

18   only those assertions in the opposition which have evidentiary support will be considered.

19   III.   Discussion

20          In support of their motion to dismiss, defendants submit a sworn declaration from

21   Administrative Lieutenant Greg Williamson, establishing that the San Joaquin County Jail

22   ("county jail") had a grievance process that allowed an inmate to file a grievance regarding

23   "departmental policies, decisions, actions, conditions, or omissions that have a material adverse

24   effect on their welfare."  Declaration of Administrative Lieutenant Greg Williamson

25   ("Williamson Decl.") (ECF No. 63-3) at ¶ 2.  There are four levels to the inmate grievance system

26   at the county jail.  Id. at ¶ 3.  At the first level, an inmate grievance is handled by the housing

27   officer.  Id.  Subsequent levels include review by the area supervisor (duty sergeant), the facility

28   commander (lieutenant), and the facility captain.  Id.  A decision by the facility captain exhausts

1   an inmate's administrative remedies.  Id. at ¶ 13.  The grievance process must be started by

2   submitting a completed San Joaquin County Jail Inmate Grievance Form ("grievance form").  Id.

3   at ¶ 4.

4         The county jail maintains records of all grievances received.  Id. at ¶ 12.  Plaintiff has

5   submitted one grievance, which he appealed twice, regarding his classification at the county jail.

6   Id. at 6-7, ¶ 15.  The initial grievance was submitted May 8, 2012.  Id. at 27.  The first appeal was

7   submitted May 29, 2012.  Id. at 29.  The second appeal was submitted June 1, 2012.  Id. at 31.

8   Copies of the grievance and appeals, and the responses provided, appear in the record attached to

9   Lt. Williamson's declaration.  See ECF No. 63-3 at 27, 29, 31.  Neither the grievance nor either

10  appeal makes reference to the food plaintiff was receiving at the county jail.  Id.

11        With this evidence, defendants have met their burden of raising and proving the absence

12  of exhaustion.  See Albino, 747 F.3d at 1172 ("[T]he defendant's burden is to prove that there

13  was an available administrative remedy, and that the prisoner did not exhaust that available

14  remedy.").  The burden now shifts to plaintiff to show that he did not exhaust because

15  administrative remedies were unavailable.  Id.  Exhaustion can be excused where an inmate is

16  precluded from exhausting not through his own fault, but due to mistaken information from

17  prison officials or because he does not have access to the necessary grievance forms.  Id. at 1173.

18        Plaintiff does not deny that the jail had an established grievance process or that he failed

19  to complete the process.  ECF No. 73.  Nor does he claim that he was unaware of the process.  Id.

20  Instead, he contends that administrative remedies were effectively unavailable to him because the

21  defendants "never gave [him] a grievance when [he] asked for it or spoke to the defendants on the

22  issue."  Id. at 2.  Unavailability requires an attempt to exhaust, which is thwarted by improper

23  administrative action.  See Marella, 568 F.3d at 1024 (inmate's failure to exhaust may be excused

24  if he did not have access to the necessary grievance forms to timely file his grievance); see also

25  Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004) (administrative remedies unavailable when

26  prisoner denied access to grievance forms); but see Jones v. Smith, 266 F.3d 399, 400 (6th Cir.

27  2001) (holding that dismissal was proper because the plaintiff failed to allege that he made other

28  attempts to obtain a form or file a grievance without a form).

1    Although inaccessibility of the proper grievance form may render administrative remedies

2    unavailable, plaintiff has not provided specific facts sufficient to support application of this

3    exception to the exhaustion requirement.  He does not identify which defendants he asked for

4    grievance forms, when he asked them, or how many times he attempted to obtain grievance forms

5    from them.  ECF No. 73 at 2-3, 9.  However, even if the court assumes plaintiff did request

6    grievance forms from defendants and they refused on every occasion, he does not establish that

7    the forms were not available through other avenues.

8        Defendants present evidence that grievance forms were available in grievance boxes, one

9    of which was visible to plaintiff from his cell, and that officers maintained extra supplies of forms

10   to restock the boxes as necessary.[2]  Williamson Decl. at ¶¶ 5-7.  Plaintiff argues that there were

11   never grievance forms in the grievance box, but provides no information as to when he attempted

12   to obtain copies of the grievance forms or how often he checked the grievance box for blank

13   forms during the approximately six-and-a-half-month period at issue.  ECF No. 73 at 4, 9.

14   However, once again assuming that plaintiff is correct and the box was always empty when he

15   checked it, he still does not establish the forms were not available.

16       The defendants also provide evidence that "[g]rievance forms may be obtained from any

17   Correctional Officer, Medical Staff, Program Staff, inmate workers, other inmates or by and

18   through a request to [an inmate's] own attorney."  Williamson Decl. at ¶ 9.  Although neither the

19   grievance policy (ECF No. 63-3 at 10-13) nor the Inmate Orientation and Rule Book (id. at 23-

20   25) explicitly state that grievance forms are available from these individuals, plaintiff does not

21   claim that he did not know he could request a form from these individuals.  ECF No. 73.  Instead,

22   he argues that "[j]ust because it[']s policy doesn't mean it[']s followed."  Id. at 3, 8.  While

23   plaintiff points out that he did not have an attorney at the time, foreclosing the possibility of

24   obtaining a grievance form from an attorney, he makes only general statements regarding the

25   _____

26   [2]  Lieutenant Williamson's declaration also states that hypothetically, if the box was empty,
     officers would receive multiple complaints.  Williamson Decl. at ¶ 9.  A hypothetical statement is

27   speculative and therefore not a fact upon which summary judgment can be based.  However, even
     if this statement had been presented as a concrete fact, defendants do not provide any evidence

28   that there were not any complaints about the box being empty during the relevant period.

1   other sources identified by defendants.  Id. at 4, 7-8.  He claims that nurses will tell you to ask the

2   officers, who will tell you they will "get you later," and that inmates will tell you it is not their

3   job.  Id.  He claims program staff will tell you they are too busy.  Id. at 8.  Yet plaintiff does not

4   affirmatively claim that he ever asked any of these individuals and that they refused to provide a

5   form or failed to get back to him on his request.  Id. at 4, 7-8.  Plaintiff fails to establish that he

6   made a reasonable effort to obtain a grievance form from any of these individuals, and instead

7   summarily claims that such efforts would have been futile.  A prisoner's failure to make a

8   reasonable effort to pursue all available avenues for exhausting his administrative grievance will

9   preclude waiver of the exhaustion requirement.  Only if the prisoner has taken all reasonable and

10  appropriate steps to exhaust his grievance, without success, will his administrative remedies be

11  deemed "effectively unavailable."  Nunez, 591 F.3d 1217, 1223-26 (9th Cir. 2010).

12          Plaintiff's bare assertions of an inability to exhaust administrative remedies are

13  insufficient.  See, e.g., Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (conclusory

14  allegations, unsupported by evidence are insufficient to defeat a motion for summary judgment);

15  see also Villarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (no "genuine

16  issue" of fact if only evidence presented is the "uncorroborated and self-serving" testimony of the

17  opposing party).  Plaintiff argues that he sought discovery in order to support his claims of

18  grievance forms not being available.  However, the facts he required to support his arguments

19  were within his personal knowledge and would not have required discovery to learn.

20          Plaintiff argues further that administrative remedies are not available when officers

21  threaten or intimidate an inmate (ECF No. 73 at 15-16) and that the defendants violated his First

22  Amendment rights by refusing to provide him grievance forms in retaliation for complaining

23  about jail policies (id. at 2-3, 14-17).  Although plaintiff argues that threats and intimidation may

24  render administrative remedies unavailable, he makes no allegations that he was threatened or

25  intimidated.  Id. at 15-16.  As for his allegation that the defendants violated his First Amendment

26  rights, this assertion does not change the court's analysis regarding exhaustion, and because it is

27  not in plaintiff's third amended complaint it will be disregarded.  See Pickern v. Pier 1 Imports,

28  Inc., 457 F.3d 963, 968-69 (9th Cir. 2006) (a party may not raise new claims in response to a

1    summary judgment motion).

2           Finally, and most fundamentally, plaintiff's allegations that he was deprived of access to

3    grievance forms are belied by defendants' evidence that he pursued an appeal on a separate issue

4    during the relevant time period, each level of which required he use another grievance form.  This

5    evidence satisfies defendants' burden on summary judgment even without reference to the

6    inadequacy of plaintiff's proffered facts regarding the unavailability of remedies.

7           For these reasons, the court finds that plaintiff did not exhaust his administrative remedies

8    and his third amended complaint will be dismissed without prejudice.

9    IV.     Unserved Defendants

10          On December 18, 2013, plaintiff was ordered to provide additional information in order to

11   serve defendants Diaz, Coblen, Lopez, and Nelson or show good cause why he could not provide

12   the information.  ECF No. 38.  Plaintiff failed to comply with the order, but did file a letter that

13   indicated he believed the defendants could be served at the San Joaquin County Jail (ECF No.

14   55), where service had previously been attempted (ECF No. 35).

15          On March 20, 2014, the court ordered defendants' counsel to provide plaintiff with further

16   identifying information or the whereabouts of defendants Diaz, Coblen, Lopez, and Nelson.  ECF

17   No. 56.  Counsel complied with the order on March 28, 2014.  ECF No. 59.  To date, defendants

18   Diaz, Coblen, Lopez, and Nelson have not been served.

19          "A District Court may properly on its own motion dismiss an action as to defendants who

20   have not moved to dismiss where such defendants are in a position similar to that of moving

21   defendants or where claims against such defendants are integrally related."  Silverton v. Dep't. of

22   Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice

23   where the [plaintiff] cannot possibly win relief."  Omar v. Sea–Land Serv., Inc., 813 F.2d 986,

24   991 (9th Cir.1987).  The court's authority in this regard includes sua sponte dismissal as to

25   defendants who have not been served and defendants who have not yet answered or appeared.

26   Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We

27   have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis

28   of facts presented by other defendants which had appeared.

                                                      10

1    Here, plaintiff's claims against Diaz, Coblen, Lopez, and Nelson are identical to those

2 against the served defendants.  It would be a waste of scarce resources requiring the United States

3 Marshal to serve defendants Diaz, Coblen, Lopez, and Nelson, resulting in counsel being obtained

4 and filing a motion for summary judgment nearly identical to the instant motion, and forcing the

5 court to spend additional time reviewing the identical facts and claims.  As defendants Diaz,

6 Coblen, Lopez, and Nelson are in a situation similar to the moving defendants, they will be

7 dismissed from this action without prejudice for the reasons set forth above.

8 V.    Conclusion

9    Accordingly, IT IS HEREBY ORDERED that:

10    1.  Defendants Peoples, Adams, Kong, Rondenburg, Kitzberger, Lee, Tremain, Rodriguez,

11 Conrad, Smith, and Burton's motion for summary judgment (ECF No. 63) is granted and the

12 claims against them are dismissed without prejudice for failure to exhaust administrative

13 remedies;

14    2.  The claims against defendants Diaz, Coblen, Lopez, and Nelson are dismissed without

15 prejudice; and

16    3.  Judgment is entered for the defendants.

17 DATED: March 31, 2015

18    _____
     ALLISON CLAIRE
19    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28