UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL D. HALL, | No. 2:13-cv-0324 AC P |
| Plaintiff, | |
| v. | ORDER |
| SAN JOAQUIN COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a former county and current state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a "request for information" in which he ask whether he is required to respond to the served defendants' answer, and if so if he can have more time.  ECF No. 102.  He also asks what he is supposed to do next and requests appointment of counsel.  Id.

As an initial matter, plaintiff is informed that the court cannot provide him with legal advice or advise him on how he should proceed with his case.  However, plaintiff's request for information will be granted to the extent that he is advised that he should not respond to defendants' answer unless ordered to by the court.  Fed. R. Civ. P. 12(a)(1)(C).  Since plaintiff has not been ordered to reply to the answer, a response is not required and the request for an extension of time will be denied as moot.  In due time, the court will issue a discovery and scheduling order that will set deadlines for completing discovery and for filing motions to compel

1

and for summary judgment.

As for plaintiff's request for counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff offers no justification for appointment of counsel. Moreover, at this early stage the court is unable to assess plaintiff's likelihood of success on the merits and plaintiff has successfully demonstrated an ability to articulate his claim pro se. The court therefore does not find the required exceptional circumstances exist and the motion for counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for information (ECF No. 102) is granted to the extent that plaintiff is advised that he should not file a response to defendants' answer unless ordered to by the court.

2. Plaintiff's request for an extension of time to respond to the answer (ECF No. 102) is denied as moot.

3. Plaintiff's request for appointment of counsel (ECF No. 102) is denied.

DATED: August 31, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2