UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL D. HALL, | No. 2:13-cv-0324 AC P |
| Plaintiff, | |
| v. | ORDER |
| SAN JOAQUIN COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a former county and current state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

By order filed July 13, 2016, plaintiff was directed to complete and return to the court, within thirty days, the USM-285 forms and copies of his complaint which were required to effect service on defendants Diaz, Coblen, Lopez, and Nelson.  ECF No. 88.  If he was unable to complete a USM-285 form for any defendant, he was to show cause why that defendant should not be dismissed for failure to complete service.  Id.  Plaintiff returned completed forms for defendants Coplin[1] and Diaz (ECF No. 89), but did not submit forms for defendants Lopez and

---

[1] When ordered to provide additional information on the unserved defendants, counsel stated that
(continued)

1

1  Nelson or show cause why they should not be dismissed.  Plaintiff was given an additional thirty
2  days to show cause why defendants Lopez and Nelson should not be dismissed.  ECF No. 104.
3  He was also advised that he could alternatively file a notice of voluntary dismissal of his claims
4  against Lopez and Nelson without prejudice if he was no longer seeking to pursue those claims at
5  this time.  Id.  Thirty days have now passed and plaintiff has not responded to the order.
6     Accordingly, IT IS HEREBY ORDERED that defendants Lopez and Nelson are
7  dismissed without prejudice for failure to timely effect service of process and failure to follow
8  court orders.  See Fed. R. Civ. P. 4(m); Local Rule 110.
9  DATED: October 18, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

the jail was unable to identify a correctional employee by the name of "Coblen," but had identified an officer "Coplin." ECF No. 59. Plaintiff was directed to complete the USM-285 form for officer Coplin if he believed Coplin was the same individual he had made claims against. ECF No. 88.

2