UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL D. HALL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAN JOAQUIN COUNTY JAIL, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-0324 AC P<br><br><br>ORDER |

Plaintiff is a former prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court is defendants' fully briefed motion for summary judgment. ECF No. 116. Plaintiff has also filed a motion requesting appointment of counsel and that his untimely opposition to the summary-judgment motion be deemed timely. ECF No. 130. Defendants oppose the motion. ECF No. 131.

After receiving four extensions of time to respond to defendants' motion for summary judgment and being warned that to be timely his opposition must be received by the court on or before the deadline, plaintiff filed his opposition four days late. ECF Nos. 118, 122, 124, 127, 128. Because the opposition was not excessively late, and there does not appear to be any prejudice to defendants, the court will grant the motion for extension and consider the opposition timely filed.

////

1

The court notes that since his release from custody, plaintiff seems to have had a number of difficulties in meeting deadlines, keeping the court apprised of his address, and serving defendants with copies of his filings.[1] While the court is sympathetic to the challenges plaintiff may be facing in pursuing this case pro se, having initiated this lawsuit, he has an obligation to pursue it diligently, which includes meeting deadlines, keeping the court up-to-date with his current address, and properly serving defendants.

Plaintiff has also requested the appointment of counsel.

> Generally, a person has no right to counsel in civil actions. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied sub nom. Gerber v. Agyeman, 545 U.S. 1128, 125 S. Ct. 2941, 162 L. Ed.2d 867 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff has failed to demonstrate that exceptional circumstances exist, and has thus far proved himself capable of successfully articulating his claims without the assistance of counsel. Moreover, given the current posture of the case, the court is unable to find that plaintiff has a likelihood of success that would warrant the appointment of counsel. The request for counsel will therefore be denied.

Defendants' motion for summary judgment is based primarily upon undisputed material facts that are deemed admitted by plaintiff's failure to respond to requests for admission. See ECF No. 116; Fed. R. Civ. P. 36(a)(3). In his opposition to summary judgment, plaintiff makes clear that he does not admit the matters on which admissions were requested, but acknowledges that he failed to respond to the requests for admission, which were sent to him on December 16,

---

[1] Defendants have indicated that they were not served with plaintiff's opposition to their motion for summary judgment or his motion for appointment of counsel and an extension of time. ECF No. 129 at 3; ECF No. 131 at 2.

2016. ECF No. 128. He claims that he was unable to timely respond because of his "complex post-tra[u]matic stress disorder," but does not indicate that he provided untimely responses or even attempted to provide responses. Id. at 3, 5.

While it is clear from his opposition that plaintiff does not agree that he has admitted the matters in the requests for admission, the Federal Rules provide that the failure to timely respond to a request for admissions results in the matter being automatically deemed admitted. Fed. R. Civ. P. 36(a)(3). "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

If plaintiff wants to withdraw his admissions, he will need to file a motion asking to withdraw the admissions and providing the responses he proposes to substitute. He will also need to explain why he has not submitted a response to the admissions, even though over a year has passed since they were served on him, and why he did not request more time if he was unable to respond within the original deadline. He is further advised that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Id.

> The party who obtained the admission has the burden of proving that allowing withdrawal of the admission would prejudice its case. Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir.1995). The prejudice contemplated by 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of the truth; rather, it relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay. Id. at 1349 (finding only inconvenience but not prejudice despite the moving party's contention that if the admission had been timely it would have been able to engage in more extensive trial preparation); see also 999 [v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985)] (finding prejudice when the motion was not made until the middle of trial when 999 had nearly rested its case and the record revealed that 999 had relied heavily on the admission and had even shown the admission to the jury).

Sonoda v. Cabrera, 255 F.3d 1035, 1039 (9th Cir. 2001).

Plaintiff shall have twenty-one days to file a motion to withdraw. Failure to file such a motion within the time provided will result in the requests for admission remaining admitted and the court proceeding to rule on the motion for summary judgment. Plaintiff is again reminded

3

that since he is no longer incarcerated, he is not entitled to the benefit of the prison mailbox rule. This means that if the court receives plaintiff's motion after the deadline, it is late, even if he mailed it within the deadline. Plaintiff is also reminded that he must send a copy of anything he files to defendants' counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 130) is granted and his opposition to defendants' motion for summary judgment is deemed timely.

2. Plaintiff's motion for appointment of counsel (ECF No. 130) is denied.

3. Plaintiff shall have twenty-one days from service of this order to file a motion to withdraw admissions that complies with the requirements set forth in this order. Failure to timely file a motion to withdraw admissions will result in the matters addressed by the requests for admission remaining admitted.

DATED: January 30, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE