UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL D. HALL,<br><br>        Plaintiff,<br><br>   v.<br><br>SAN JOAQUIN COUNTY JAIL,<br><br>        Defendants. | No. 2:13-cv-0324 AC P<br><br><br>ORDER |

Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending is defendants' motion for summary judgment. ECF No. 116.

Defendants filed their motion for summary judgment on June 22, 2017. Id. Prior to the motion being filed, plaintiff was released from custody. ECF No. 110. After failing to respond to the motion for summary judgment and being granted several extensions of time that resulted largely from plaintiff's failure to keep the court and defendants up-to-date with his address (ECF Nos. 118, 122, 124, 127), plaintiff finally responded to the motion on December 1, 2017 (ECF No. 128). Although the opposition was untimely, on January 30, 2018, the court granted plaintiff's later filed motion for extension and deemed the opposition timely. ECF No. 132.

In granting plaintiff's motion, the court noted that the motion for summary judgment was "based primarily upon undisputed material facts that are deemed admitted by plaintiff's failure to respond to requests for admission." Id. at 2 (citing ECF No. 116; Fed. R. Civ. P. 36(a)(3)).

1

Because it was clear that plaintiff disagreed that the matters were admitted, he was then given twenty-one days to file a motion to withdraw his admissions. Id. at 2-3. Rather than filing a motion to withdraw, plaintiff instead filed a motion requesting that the case be temporarily "paused." ECF No. 133. That motion was construed as a motion for extension of time, which was granted because plaintiff asserted that he had been in the hospital and it did not appear that he had received the January 30, 2018 order. ECF No. 134. Plaintiff's motion to withdraw is currently due by March 19, 2018. Id. However, on March 2, 2018, the court received a notice of change of address in another case which shows that plaintiff is currently in the custody of the San Joaquin County Jail.[1] Hall v. Jordan, 2:15-cv-2474 GEB CKD, ECF No. 17.

Given plaintiff's return to custody, it is unlikely that he has any of the documents from this case that would allow him to file a motion to withdraw his admissions, and the court cannot move forward on resolving the motion for summary judgment until the matter of plaintiff's admissions has been resolved. Accordingly, the court will vacate the motion for summary judgment. Plaintiff will be given one final opportunity to move to withdraw his admissions and defendants will be directed to provide him with a copy of their requests to aid him in filing a motion to withdraw, should he choose to do so. Once the issue of plaintiff's admissions has been resolved, either through a ruling on a motion to withdraw or plaintiff's failure to file such a motion, defendants will be given an opportunity to re-submit their motion for summary judgment.

Plaintiff is reminded that if he wants to withdraw his admissions, he must file a motion asking to withdraw the admissions and providing the responses he proposes to substitute. He will also need to explain why he has not submitted responses to the requests, even though over a year has passed since they were served on him, and why he did not request more time if he was unable to respond within the original deadline. He is further advised that "the court may [, but is not required to,] permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in

---

[1] Plaintiff's address of record in this case was updated based upon the notice received in Hall v. Jordan. However, plaintiff is warned that if he has another change of address, he must file a notice in this case or risk dismissal for failure to comply with Local Rule 183.

maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Failure to file such a motion within the time provided will result in the requests for admission remaining admitted.

Plaintiff is further advised that he has been granted considerable leeway in prosecuting this case light of his pro se status. However, he has now been warned on more than one occasion about his duty of diligence in pursing this case. ECF Nos. 122, 124, 132, 134. Any further requests for an extension of time to file a motion to withdraw will not be granted and further delays by plaintiff may result in dismissal of this action for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment (ECF No. 116) is vacated.

2. Within seven days of the filing of this order, defendants shall serve plaintiff with a copy of their requests for admissions.

3. Plaintiff shall have twenty-one days from service of the requests for admissions to file a motion to withdraw his admissions that complies with the requirements set forth above. The motion must address his failure to timely respond to the requests and be accompanied by the proposed responses he seeks to substitute for his admissions or it will be denied. Failure to file a motion to withdraw will result in the admissions remaining admitted.

4. Upon resolution of the status of plaintiff's admissions, defendants will be given an opportunity to file a motion for summary judgment.

DATED: March 14, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3