UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL D. HALL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN COUNTY JAIL, et al.,<br><br>　　　　　　Defendants. | No. 2:13-cv-0324 AC P<br><br><br><br>ORDER |

Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending is defendants' motion for summary judgment. ECF No. 155. The parties have consented to the jurisdiction of the Magistrate Judge. ECF. Nos. 4, 39, 42, 45, 46, 78, 148.

I.    Procedural History

Defendants first filed their motion for summary judgment June 22, 2017. ECF No. 116. After failing to respond to the motion for summary judgment and being granted several extensions of time that resulted largely from plaintiff's failure to keep the court and defendants up-to-date with his address (ECF Nos. 118, 122, 124, 127), plaintiff finally filed an untimely response to the motion on December 1, 2017 (ECF No. 128). On January 30, 2018, the court granted plaintiff's motion for extension and deemed the response timely. ECF Nos. 132. Because the motion for summary judgment was based primarily on undisputed material facts that were deemed admitted by plaintiff's failure to respond to the requests, and plaintiff's response to

1

the motion made clear that he objected to the requests being deemed admitted, plaintiff was also given an opportunity to file a motion to withdraw admissions. Id. After granting plaintiff one extension of time to file a motion to withdraw (ECF No. 134), it came to the court's attention that plaintiff was once again in custody (ECF No. 135). Due to plaintiff's presumed lack of access to any of the documents in his case, defendants' motion for summary judgment was vacated and defendants were ordered to serve plaintiff with another copy of their requests for admissions. Id. Plaintiff was given twenty-one days from service of the requests for admission to file a motion to withdraw. Id. at 3. He was also warned that no further extensions of time would be granted and that failure to seek withdrawal of his admissions would result in the requests for admission remaining admitted. Id. Defendants served plaintiff with their requests for admissions on March 15, 2018. ECF Nos. 140, 141.

Rather than filing a motion to withdraw, plaintiff filed two additional motions for extension of time on the ground that he was having difficulty getting his mail. ECF Nos. 138, 142. The motions were denied because plaintiff had been warned that he would not be given any extensions of time based on his decision to have documents served on a location where he was not physically present. ECF Nos. 139, 143. On June 4, 2018, after plaintiff failed to file a motion to withdraw, and the defects in the screening order caused by the decision in Williams v. King, 875 F.3d 500 (9th Cir. 2017) (no magistrate judge jurisdiction based on plaintiff's consent alone), were corrected,[1] defendants were given an opportunity to re-file their motion for summary judgment. ECF No. 154.

On June 7, 2018, defendants re-filed and served their motion for summary judgment. ECF No. 155. Instead of responding, plaintiff requested a thirty-day extension of time because he was back in custody.[2] ECF No. 157. Plaintiff's request for an extension of time was granted, but given his numerous delays up to that point, he was warned that no further extensions of time

---

[1] After the District Judge dismissed the unserved parties (ECF No. 151), the case was reassigned to the undersigned for all further proceedings, including entry of final judgment, because all remaining parties had consented to magistrate judge jurisdiction (ECF No. 152).

[2] It appears that at some point after plaintiff returned to custody in March 2018, he was released, but was later taken back into custody.

2

would be granted and that if he failed to file a response to the motion for summary judgment, this case would be dismissed for failure to prosecute without further warning.

II.     Dismissal for Failure to Prosecute

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)) (dismissal for failure to prosecute); Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for failure to respond to a motion as required by local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423 (citing Ash, 739 F.2d at 496); Mir v. Fosburg, 706 F.2d 916, 918 (9th Cir. 1983)). "A dismissal for lack of prosecution must [also] be supported by a showing of unreasonable delay." Id. (citing Nealey v. Transp. Maritima Mexicana, S.A., 662 F.2d 1275, 1280 (9th Cir. 1980)).

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. It is important that the court manage its docket without being subject to the routine noncompliance of litigants, Ferdik, 963 F.2d at 1261, and the public's interest in expeditious resolution of litigation always weighs

towards dismissal, Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action was originally filed in February 2013 (ECF No. 1), and has been back in this court on remand since June 2016 (ECF No. 87). Although the motion for summary judgment was originally filed in June 2017 (ECF No. 116), as outlined above, numerous delays by plaintiff resulted in the motion being vacated and re-filed in June 2018 (ECF Nos. 135, 155). Yet despite the considerable leeway plaintiff has been granted in prosecuting this case because of his pro se status, he has failed to respond to the motion as directed. The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal. The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citing Alexander v. Pac. Mar. Ass'n, 434 F.2d 281 (9th Cir. 1970); Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1968)). This is because "[t]he law presumes injury from unreasonable delay." Id. (citing States S.S. Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970)).

The fourth factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits." Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted).

Finally, the court has already provided plaintiff additional time to file a response to the motion for summary judgment rather than dismiss the case, and has warned him that failure to file an opposition would result in dismissal of the action. ECF Nos. 159. The court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the "consideration of the alternatives" requirement. Ferdik, 963 F.2d at 1262 (grant of an additional thirty days to meet deadline coupled with warning of possible dismissal satisfied requirement); Malone, 833 F.2d at 132-133 (requirement met where court made clear no continuances would be granted and Federal Rules of Civil Procedure explicitly allow for dismissal for violation of court order); Henderson, 779 F.2d at 1424 (multiple warnings of possible dismissal sufficient). The court expressly cautioned plaintiff on a number of occasions about the importance of meeting his deadlines. ECF

Nos. 118, 122, 132, 134, 135. Additionally, plaintiff was recently granted an extension of time to file his response, and he was explicitly warned that he would not be granted any further extensions and that failing to respond would result in this case being dismissed for lack of prosecution without further warning. ECF No. 159. Thus, plaintiff had adequate warning that dismissal could result from his failure to respond to the motion for summary judgment.

### III. Conclusion

Four out of the five factors of analysis weigh more heavily towards dismissal. As a result, the court concludes that the circumstances of this case favor dismissal for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b); L.R. 110.

DATED: September 12, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE